IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Robert Barnwell Clarkson, ) | |
| ) | Civil Action No. 8:09-928-RBH-BHH |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the defendant's motion to dismiss and prior motion for partial summary judgment. [Doc. 58, 71.] The defendant has most recently moved to dismiss this action, pursuant to Federal Rule of Civil Procedure 25(a)(1), for want of any substitution of party on behalf of the plaintiff, who is now deceased. *See* Fed. R. Civ. P. 25(a)(1). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## DISCUSSION

The plaintiff filed his complaint in this action, on April 9, 2009. [Doc. 1.] This action is a tax refund suit challenging $27,000 in penalties imposed under 26 U.S.C. § 6700 against the plaintiff for his promotion of tax avoidance techniques and obstructive practices to a group of individual taxpayers who had claims before the United States Tax Court relating to their tax liabilities, and who utilized those techniques in the attempt to thwart the adjudication of their claims. The defendant answered the Complaint on July 6, 2009, [Doc. 37] and counterclaimed to reduce to judgment the penalties Clarkson had challenged in his initiating complaint.

On January 4, 2010, the defendant filed a motion for partial summary judgment. [Doc. 58.] The plaintiff filed an opposition to the motion, on February 8, 2010. [Doc. 64.] On March 1, 2010, however, the plaintiff died. The defendant subsequently filed a Suggestion of Death. [Doc. 66.] Copies were served at the plaintiff's place of residence as well as upon James Clarkson, the deceased plaintiff's brother and purported executor of Clarkson's estate. [Doc. 70.]

Ninety days have now passed since service of the Suggestion of Death. No attorney has appeared for the plaintiff in this case, nor has substitution of a proper party otherwise occurred. In light of the above, and in accordance with Fed. R. Civ. P. 25(a)(1), the plaintiff's claims against the Defendant United States should now be dismissed.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendants' motion to dismiss should be GRANTED [Doc. 71] and all claims of the plaintiff dismissed *with prejudice*. *See Scott v. Vasquez*, 2009 WL 4907031, at **3, 8 (C.D. Cal. December 11, 2009); *Okolie v. Paikoff*, 589 F. Supp. 2d 204, 207 n.2 (E.D.N.Y. 2008). It is further RECOMMENDED that the defendant's motion for partial summary judgment [Doc. 58] be MOOTED. The defendant's counterclaim against the plaintiff should be dismissed *without prejudice*.

s/Bruce H. Hendricks<br>
United States Magistrate Judge

July 1, 2010
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).